IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CARL SCHROETER GMBH & CO KG a/s/o
AMAZON PRODUCE NETWORK LLC

                                                      Case No.: 1:20cv24784

          Plaintiff,

against

SEABOARD MARINE LTD., INC.

          Defendant.

_____/

## COMPLAINT

Plaintiff, CARL SCHROETER GMBH & CO KG a/s/o Amazon Produce Network LLC.

by and through its attorneys, Tomaselli & Co, as and for its Complaint, alleges upon information

and belief as follows:

## JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the

provisions contained in the Seaboard Marine bill of lading, which provides for jurisdiction in this

District for cargo shipments that transit through the United States.

## PARTIES

2.      At all material times, Carl Schroeter GmbH & Co KG (hereinafter "Carl Schroeter"

or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign

country with an office and place of business located at Martinistrasse 8-10, Bremen 28195,

Germany, and is the subrogated underwriter of a consignment of Fresh Mangoes, as more

specifically described below.

3.      At all material times, AMAZON PRODUCE NETWORK LLC (hereinafter "Amazon" or "Plaintiff") was and is a limited liability company with an office and a place of business located at 2321 Industrial Way, Vineland, New Jersey 08360, and was the owner/consignee of a consignment of Fresh Mangoes, as more specifically described below.

4.      At all material times, defendant, SEABOARD MARINE LTD., INC. (hereinafter "Seaboard" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a Florida with an office and place of business located at 8001 Northwest 79th Avenue, Miami, Florida 33166, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.      On or about January 16, 2019, a consignment consisting of 5,600 Boxes of Fresh Mangoes, laden in refrigerated container SMLU 5440885, then being in good order and condition, was delivered to Seaboard and/or its agents in Paita, Peru by cargo shipper Sunshine Export S.A.C. The cargo was booked for transit on board the M/V ALIOTH in Paita destined for Philadelphia, Pennsylvania, all in consideration of an agreed upon freight, and in consideration of Seaboard maintaining a supply air temperature of $8.0^{o}C$ at all times, all pursuant to Seaboard bill of lading SMLU5536559A dated  January 16, 2019.

7.      Thereafter the container was loaded on board the M/V ALIOTH on or about January 16, 2019, Seaboard bill of lading SMLU5536559A was issued and the vessel sailed for her intended destination.

8.      During transit, it was determined that reefer container SMLU 5440885 was having mechanical problems and had been delivering elevated supply air temperatures in excess of the contractually agreed temperatures. When the subject vessel arrived in the Dominican Republic, Seaboard opted to transload the cargo into reefer container TEMU 9467054.

9.      The vessel arrived in Philadelphia on January 30, 2019 and container TEMU 9467054 was discharged.

10.     On January 31, 2019, the container and cargo were delivered to the cargo receiver.

11.     At the time of delivery, it was confirmed that Seaboard had failed to maintain proper temperatures during transit.

12.     As a result of the temperature abuse during transit, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

13.     The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

14.     The fair market value of the consignment at destination was $39,200.00. Plaintiff was able to salvage the cargo for $15,446.54, resulting in cargo damages in the amount of $23,753.46.

15.     As a result of the foregoing, Plaintiff suffered damages in the amount of $23,753.46.

16.     At all times relevant hereto, a contract of insurance for property damage was in effect between Amazon and Carl Schroeter, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Mangoes.

17.     Pursuant to the aforementioned contract of insurance between Amazon and Cargo Schroeter, monies have been expended on behalf of Amazon to the detriment of Carl Schroeter due to the damages sustained during transit.

18.     As Carl Schroeter has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Carl Schroeter has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

19.     Amazon, in addition, assigned the deductible portions of the claim to Carl Schroeter.

20.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $23,753.46.

## AS AND FOR A FIRST CAUSE OF ACTION

21.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22.     Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23.     The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24.     As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $23,753.46.

25.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $23,753.46.

## AS AND FOR A SECOND CAUSE OF ACTION

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, as if herein set forth at length.

27.     At the time of the aforementioned incident, Defendant together with the entities it hired to act on its behalf, was acting as bailee of the aforementioned cargo and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

28.     Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

29.     As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $23,753.46.

30.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $23,753.46.

## AS AND FOR A THIRD CAUSE OF ACTION

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, as if herein set forth at length.

32.     The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

33.     The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

34.     As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $23,753.46.

35.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $23,753.46.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $23,753.46 plus interest and costs; and

3.      That this Court grant to Plaintiff such other and further relief as may be just and

proper.

Dated: Fort Lauderdale, Florida
          November 20, 2020

**TOMASELLI & CO**

By:   /s/ John J. Tomaselli
       John J. Tomaselli
       Florida Bar No. 872570
       1500 Cordova Road, Ste 202
       Ft. Lauderdale, FL 33316
       Tel: 954-761-8004
       Email: tcolaw@outlook.com

       Attorneys for Plaintiff Carl Schroeter
       GMBH & Co KG a/s/o Amazon Produce
       Network LLC